UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRY TUCKER | CIVIL ACTION NO. 23-cv-1069

VERSUS | JUDGE TERRY A. DOUGHTY

STEVE PRATOR ET AL | MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Terry Tucker ("Plaintiff") filed this civil action in state court based on allegations that he received inadequate medical care while he was detained at the Caddo Correctional Center. The defendants removed the case based on federal question jurisdiction, but Plaintiff promptly amended his complaint to dismiss any federal claims. For the reasons that follow, it is recommended that the court decline to exercise supplemental jurisdiction over the remaining state law claims and remand this civil action to state court.

**Procedural History**

Plaintiff named as defendants Sheriff Steve Prator, Dr. David Nelson, Nurse Mills, Nurse Jackson, and Nurse Kelli Hayes. Plaintiff alleged that he suffered from high blood pressure and was taking life-saving prescription medications, but medical staff at the jail gave him the wrong medication and too much of it. Plaintiff alleged that this and other shortcomings in his medical care caused him to lose consciousness and fall, resulting in broken ribs and other injuries.

Plaintiff's state court petition began by stating that it was seeking damages under Louisiana Civil Code Article 2315, but paragraph two also invoked the Fourteenth Amendment to the Constitution of the United States. The allegations in the petition employed state law terminology such as gross negligence, but there were multiple references to "constitutional rights" and "deliberate indifference," a term associated with federal constitutional claims for inadequate medical care. The petition prayed for all relief available under Civil Code article 2315 and other law.

Sheriff Prator and his employees removed the case based on the petition's reference to federal law. Ten days later, the Prator defendants filed a motion to dismiss (Doc. 5) that attacked the merits of all federal and state claims. Dr. David Nelson, represented by different counsel, filed his own motion to dismiss (Doc. 8) that raised jurisdictional and substantive challenges to Plaintiff's state and federal law claims.

Plaintiff, who is represented by counsel, filed a memorandum in opposition (Doc. 7) to the Prator motion that conceded that the petition does mention the constitution and the Fourteenth Amendment. But counsel represented: "The complaint does not in any form or fashion seek relief under the 1983 Civil Rights Section." Plaintiff suggested that his claims are rooted in state law only and, if clarification is needed, he should be allowed to amend his complaint "for purposes of jurisdiction."

Plaintiff then amended his complaint, with the consent of the defendants. (Doc. 15). He alleged in ¶ IIa of the amended complaint that his action "is brought exclusively under Louisiana Law" and that "[a]ny federal rights that might be available to plaintiff are hereby

dismissed with prejudice." The prayer of the amended complaint asked that "any federal claim be dismissed with prejudice."

**Analysis**

When a plaintiff in a case removed based on federal question deletes all federal claims at an early stage of the litigation, the court ordinarily must decline to exercise supplemental jurisdiction over his state law claims and remand those claims to state court. 28 U.S.C. § 1367(c)(3); Enochs v. Lampasas County, 641 F.3d 155 (5th Cir. 2011) (district court abused its discretion when it did not remand state law claims after all federal claims were deleted by an amended complaint filed soon after removal); Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587–90 (5th Cir. 1992) (district court abused its discretion in retaining jurisdiction over state-law claims following the dismissal of all federal-law claims at a relatively early stage of the case); and Phelan v. Norville, 460 Fed. Appx. 376, 382 (5th Cir. 2012) (district court did not abuse discretion when it remanded state law claims, after dismissal of federal claims, less than six months after removal).

There is no reason not to follow the general rule in this case. All federal claims were dismissed within two months after removal, and there has not been any significant expenditure of federal resources. The only remaining claims are based on state law, and Dr. Nelson objects to the ability of the federal court to exercise jurisdiction over them. Accordingly, the court should decline to exercise supplemental jurisdiction over the state law claims that remain in this case.

Accordingly,

It is recommended that the court decline to exercise supplemental jurisdiction over the remaining state law claims and that this civil action be remanded to the First Judicial District Court, Caddo Parish, Louisiana.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of October, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge